# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

H&R BLOCK, INC. and
HRB INNOVATIONS, INC.

              Plaintiffs,

    v.

BLOCK, INC.

              Defendant.

Case No. 4:21-cv-00913-GAF

**ORAL ARGUMENT REQUESTED**

## PLAINTIFFS' MOTION
## FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116(a),[1] Plaintiffs H&R

Block, Inc. and HRB Innovations, Inc. (together with their subsidiaries and affiliates, "Block")

respectfully request that this Court enter a preliminary injunction against Defendant Block, Inc.,

and all those in active concert or participation with Block, Inc., including, but not limited to, its

officers, directors, agents, servants, wholesalers, distributors, retailers, employees,

representatives, subsidiaries, related companies, successors, assigns, and contracting parties

(collectively, "Block, Inc."). In support of this Motion, Block states as follows:

    1.    For more than 65 years, Block has offered its customers a range of financial

services, including tax preparation and filing, loans, lines of credit, prepaid debit cards, access to

bank accounts and small business services.

---

[1] Injunctions granted pursuant to the Lanham Act, 15 U.S.C. § 1116(a), do not mandate the posting of security. *See Fishing Hot Spots, Inc. v. Simon & Schuster*, 720 F. Supp. 746, 747–48 (E.D. Wis. 1989).

2.      Block offers its services under a family of trademarks incorporating BLOCK (the "BLOCK Marks") and/or Block's green square logo (the "Green Square Marks"), including a number for which it owns United States trademark registrations.

3.      Two and a half weeks ago, Silicon Valley fintech company Square, Inc. announced that it is rebranding itself as Block, Inc.  Block, Inc.'s Cash App also uses a green square logo that is nearly identical in color and very similar in shape (a square with rounded corners) to Block's federally registered Green Square Marks.

4.      Given that the parties already compete directly and are also expanding into further areas of competition, confusion among consumers, potential business partners, prospective employees, nonprofits, and investors is not only likely, but inevitable.  This confusion will cause grievous and irreparable harm to Block.

5.      The circumstances giving rise to Block's need for injunctive relief are set forth in greater detail in the Suggestions in Support hereof and accompanying exhibits, all of which are hereby incorporated by reference.

6.      Through this Motion, Block respectfully requests that the Court issue an Order preliminarily enjoining Block, Inc., through and until entry of final judgment in this case, as follows:

      a.   Enjoining and restraining Block, Inc. from using the "BLOCK" mark, or any other logo, device, design, or word mark that is a colorable imitation of, or is similar to, the BLOCK Marks, or any of them, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product or service neither originating from nor authorized by Block; and

b.  Enjoining and restraining Block, Inc. from using the green square logo, or any other logo, device, design, or word mark that is a colorable imitation of, or is similar to, Block's Green Square Marks, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product or service related to the preparation or filing of income taxes, or otherwise competing with the tax or other financial services offered by Block;

c.  Enjoining and restraining Block, Inc. from representing in any manner or by any method whatsoever, that goods, services or other products provided by Block, Inc. are sponsored, approved, authorized by or originate from Block or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

d.  Enjoining and restraining Block, Inc. from allowing the persistence of such false impressions that heretofore have been created by their use of the "BLOCK" mark, including, but not limited to, that Block, Inc. must recall from any and all channels of distribution any and all advertising, marketing, or promotional material and the like, bearing or distributed under the "BLOCK" mark, or any confusingly similar variations thereof; and

e.  Requiring Block, Inc., within 30 days, to file with the Court and serve upon Block's attorneys a written report under oath setting forth in detail the manner in which Block, Inc. has complied with the Court's order.

7.  As set forth in the Suggestions in Support hereof, the injunctive relief that Block seeks is especially appropriate given the likelihood that Block will prevail on its claims; the

immediacy of harm being inflicted upon Block and the public at large by Block, Inc.'s use of a confusingly similar mark; and the inadequacy of damages as a remedy.

**WHEREFORE**, Block respectfully requests that the Court order and decree that, through and until entry of final judgment in this case, Block, Inc., its officers, agents, servants, employees, and attorneys, and any and all other persons who are in active concert or participation with any of the foregoing, shall be:

1. Enjoined and restrained from using the "BLOCK" mark, or any other logo, device, design, or word mark that is a colorable imitation of, or is similar to, the BLOCK Marks, or any of them, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product or service neither originating from nor authorized by Block; and

2. Enjoined and restrained from using the green square logo, or any other logo, device, design, or word mark that is a colorable imitation of, or is similar to, Block's Green Square Marks, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product or service related to the preparation or filing of income taxes, or otherwise competing with the tax or other financial services offered by Block;

3. Enjoined and restrained from representing in any manner or by any method whatsoever, that goods, services or other products provided by Block, Inc. are sponsored, approved, authorized by or originate from Block or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

4. Enjoined and restrained from allowing the persistence of such false impressions that heretofore have been created by their use of the "BLOCK" mark, including, but not limited to, that Block, Inc. must recall from any and all channels of distribution any and all advertising,

marketing, or promotional material and the like, bearing or distributed under the "BLOCK" mark, or any confusingly similar variations thereof; and

5. Required, within 30 days, to file with the Court and serve upon Block's attorneys a written report under oath setting forth in detail the manner in which Block, Inc. has complied with the Court's order.

## ORAL ARGUMENT RESPECTFULLY REQUESTED

Dated: December 21, 2021        Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

*/s/ David H. Bernstein*
David H. Bernstein (admitted *pro hac vice*)
Jyotin Hamid (admitted *pro hac vice*)
Jared I. Kagan (admitted *pro hac vice*)
Marissa MacAneney (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
(212) 909-6000
dhbernstein@debevoise.com
jhamid@debevoise.com
jikagan@debevoise.com
mpmacaneney@debevoise.com

Anthony J. Durone (MO Bar #43872)
Stacey Gilman (MO Bar #55690)
Elizabeth R. Martin (MO Bar #64129)
BERKOWITZ OLIVER LLP
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone:(816) 561-7007
Facsimile:(816) 561-1888
adurone@berkowitzoliver.com
sgilman@berkowitzoliver.com
emartin@berkowitzoliver.com

## ATTORNEYS FOR PLAINTIFFS