# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| H&R BLOCK, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-913-NKL |
| | ) | |
| BLOCK, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **RULES OF JURY TRIAL**

1. The Court will conduct voir dire. At the conclusion of the Court's questioning, and if time permits, counsel may be afforded an opportunity to pose follow-up questions to the panel.

2. Opening statements are limited to twenty (20) minutes for each side.

3. No visual aid or exhibit shall be used during an opening statement unless opposing counsel has been shown the visual aid or exhibit and has agreed that the item may be used during the opening statement.

4. The examination of each witness shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted except by leave of Court in extraordinary circumstances.

5. The Court may place time limits on direct and cross-examination of all witnesses. Cross-examination shall be no longer than direct. Redirect shall be no longer than cross-examination, and recross-examination shall be no longer than redirect.

6. Only one (1) counsel per party may examine a witness. *See* Local Rule 83.3.

7. Counsel may approach the witness for any legitimate purpose without requesting permission to do so. If a podium is provided, counsel may use it but are not required to do so. Counsel may question a witness from any reasonable place in the courtroom except from a place that would intrude into the jury's space. No paper or object shall be placed on the railing in front of the jury box or in a place where it could reasonably be expected to be seen by the jury.

8. Except in unusual circumstances, counsel should stand when addressing the Court or when examining the witness. *See* Local Rule 83.3.

9. Except in unusual circumstances, a witness should be allowed to complete an answer. If the question calls for a "yes" or "no" answer, you may anticipate that the witness will be allowed an opportunity to explain that answer.

10. When making an objection, counsel should say only "objection" plus the legal reason for the objection, *e.g.,* leading, hearsay, etc. If argument is needed, the Court will request you to approach the bench. Bench conferences, however, are discouraged.

11. Visible reactions to the testimony of witnesses, counsels' presentations or to the Court's rulings (such as facial or body gestures) are inappropriate.

12. Do not converse with your client or co-counsel in a manner that your conversation may be heard by the Court or the jury.

13. The length of closing arguments will be established during the instruction conference.

14. Instructions will be read to the jury before closing arguments. Each juror will be given a copy of the instructions after closing arguments for use during deliberations.

15. After the jury retires, each side will assemble their exhibits and keep them available in the courtroom. Counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

16. After the jury is dismissed, each counsel must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

**IT IS SO ORDERED.**

  s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2023