# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H&R BLOCK, INC. and HRB INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., <br><br> Defendant. | Case No. 4:21-cv-00913-NKL |

# DEFENDANT BLOCK, INC.'S EMERGENCY MOTION TO STRIKE PLAINTIFFS' IMPROPER "REBUTTAL" EVIDENCE AND "SUGGESTIONS" IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

# EMERGENCY MOTION TO STRIKE

Defendant Block, Inc. respectfully requests that the Court strike on an emergency basis the purported "rebuttal" submission filed on January 21-22, 2022 by Plaintiffs H&R Block, Inc. and HRB Innovations, Inc. (collectively, "H&R Block"). H&R Block's "rebuttal" materials are not "rebuttal" all. Rather, they represent almost an entirely new case, including *five* witness declarations, *three* of which are from entirely new witnesses who proffer *three* previously undisclosed trademark surveys. This submission is over *1,500 pages* long—more than *8 times* the size of H&R Block's 188-page opening papers.

H&R Block's "rebuttal" filing—filed just days before the hearing H&R Block insisted on being held on shortened notice and seeking extraordinary injunctive relief—is facially improper and highly prejudicial. The vast majority is not in rebuttal at all. It consists of materials H&R Block should have filed with its moving papers, had it wished the Court to consider them.

The law in this Circuit is clear: a moving party cannot lay in the weeds to submit evidence supporting core elements of its case-in-chief on reply, depriving its opponent of the opportunity to fairly respond. The Court should not allow H&R Block to engage in these ambush tactics. It should strike these newly introduced witnesses and evidence.[1]

In urging the Court to set a prompt hearing on its motion, which Block, Inc. was forced to oppose over the Christmas Holidays, H&R Block represented to the Court at the December 29 Case Management Conference that it had "one declarant, Jeff Jones, who is the CEO of H&R Block; and if the Court would like to hear from him directly, we would be happy to proceed

---

[1] This is not the first time H&R Block and its same lawyers have tried to use this tactic. *See, e.g.*, *Davidow v. H&R Block, Inc.*, No. 18-01022-CV-W-ODS, 2019 WL 2090690, at *6 (W.D. Mo. May 13, 2019); *Ramsey v. H&R Block Inc.*, No. 18-00933-CV-W-ODS, 2019 WL 2090691, at *5 (W.D. Mo. May 13, 2019); *Galderma Lab'ys, L.P. v. Actavis Mid Atl. LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008).

through an evidentiary hearing." In fact, H&R Block had *four* declarants, but chose to reveal three of them only on reply, less than a week before the hearing. H&R Block must be held to its word, and should be limited to presenting what it sold to the Court: "one declarant, Jeff Jones."

### A. H&R Block's Declarations And Exhibits Are Not Rebuttal Evidence.

H&R Block filed the following new testimony and evidence in its claimed "rebuttal" to Defendant's opposition materials:

**Expert Declaration of David Reibstein**: This new witness offers testimony concerning, among other things, H&R Block's presence in the marketplace, claimed use of the term "Block" standing alone, potential for consumer confusion, and includes discussion, for first time in this case, of H&R Block's "Wave" products, as well as new social media postings about the brands. *See* Dkt. 58, ¶¶ 1, 10, 60-62 & 91-94.

**Expert Declaration of Debra Jay**: This new witness presents a newly-performed purported trademark survey regarding H&R Block's assertions about the recognition of "Block" in the context of tax services. Dkt. 55 ¶ 1.

**Expert Declaration of Sara Butler**: This new witness presents *multiple new* surveys claiming to evaluate the central issue presented in H&R Block's moving papers: "whether Square, Inc.'s name change to Block, Inc. [] is likely to cause consumers to confuse Block, Inc. and its products and services with Plaintiffs and their products and services." Dkt. 56 ¶¶ 1 & 41.

**"Rebuttal" Declaration of Jeff Jones**: This declaration from H&R Block's CEO offers "further examples" of uses of "Block" of the same character cited in his opening declaration, including a video from 2014, social media posts pre-dating the filing of the complaint, media coverage dating to 1985, reviews of H&R Block's products "over the past four tax seasons," and examples of competing services acquired in June 2019, none of which were included in his original declaration. Jones Reb. Decl., ¶¶ 10-21, 24-30, 32, 34-44, 55-60.

**"Rebuttal" Declaration of Anthony Durone**: H&R Block attorney Anthony J. Durone filed hundreds of pages of exhibits (Decl. ¶¶ 14–19 & Exs. 51–56) constituting "Press Coverage Referring to H&R Block as 'Block.'" The material identified in his declaration by date spans the period 2006 to 2018.

**Supplemental Statement of Facts**: H&R Block's Reply Suggestions, which is longer than the one in its opening brief, include 13 pages of "Supplemental" facts that draw from the foregoing declarations and exhibits. The labeling of their new fact section as "Supplemental" is an admission that the evidence submitted in support of H&R Block's reply brief isnew.

H&R Block offers these materials in almost every page of its Reply Suggestions, including especially to support its showing on the *SquirtCo* elements and preliminary injunction factors on which it bears the burden, including the purported strength of the unregistered mark BLOCK, the similarity of the parties' marks and services, and actual confusion. *See, e.g.,* Reply Suggestions at 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15 (evidence cited in "Supplemental Statement of Facts") and 16, 18, 20, 21 & 22 (evidence cited in "Argument"). It offers no reason why it (or its experts) could not have collected this evidence, conducted these surveys, or opined about Internet results and newspaper articles before it filed its opening papers.

B.     **Courts Strike Evidence Submitted For The First Time On Rebuttal.**

As the Eight Circuit held in *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006): "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party …. ***not to establish a case-in-chief***." *Id*. at 759 (emphasis added). Rebuttal testimony is not "an opportunity to cure oversight" in a party's affirmative case. *Bonser v. Waste Conn. of Colo., Inc.*, 2020 WL 1986477, at *3 (D. Colo. Apr. 27, 2020) (striking opinions of plaintiff's rebuttal experts that were "clearly part of Plaintiff's case-in-chief"). This rule is part of a larger principle barring a party from raising a new argument or introducing new evidence in

3

a reply brief. *See Painters Dist. Council No 58 v. RDB Universal Servs., LLC*, No. 4:14-CV-01812 ERW, 2016 WL 1366600, at *4 (E.D. Mo. Apr. 6, 2016) (citing *Fed. Trade Comm'n v. Neiswonger,* 580 F.3d 769, 775 (8th Cir. 2009)); *Grifee v. Wal-Mart Stores East, LP*, 2013 WL 12145503, at *1 (W.D. Mo. Jan. 17, 2013) (Fenner, J.) (declining to consider evidence introduced in reply); *Goens v. S. Union Co.*, No. 09-0422-CV-W-FJG, 2010 WL 2777391, at *3 n. 3 (W.D. Mo. July 14, 2010) (Gaitan Jr., J.) (disregarding evidence introduced in reply brief).[2] This is particularly necessary because of the prejudice it inflicts on the non-moving party.[3]

Striking such reply or rebuttal evidence, arguments, and other materials is particularly important where, as here, the materials "could have been raised in [the moving party's] initial argument…." *Lew Thompson Properties, LLC v. Anderson Eng'g, Inc*, No. 6:15-CV-03505-MDH, 2018 WL 5808735, at *3 (W.D. Mo. Feb. 2, 2018).[4] The prohibition on submitting new evidence plainly extends to *all* new evidence raised for the first time, including, notably, Plaintiffs' newly-submitted expert declarations.

Plaintiffs' proffer of three expert witnesses for the first time in rebuttal is particularly improper. Cases cited in Plaintiffs' opening brief confirm that a plaintiff ordinarily submits expert testimony or survey evidence with its opening brief—not for the first time on reply. *See*

---

[2] *See also Moreno v. Wells Fargo Bank, N.A.*, No. 18-CV-2760, 2020 WL 362799, at *5 (D. Minn. Jan. 22, 2020) (declining to consider evidence filed with reply brief).

[3] *See also Jackson v. Collins*, No. 2:15-04018-CV-NKL, 2017 WL 2371227, at *9 (W.D. Mo. May 31, 2017) (citing *United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2013)); *McDaniel v. Lombardi*, 227 F. Supp. 3d 1032, 1038 (W.D. Mo. 2016) (Laughrey, J.), *aff'd sub nom. McDaniel v. Precythe*, 897 F.3d 946 (8th Cir. 2018); *Akins v. Knight*, No. 2:15-CV-4096-NKL, 2015 WL 4160012, at *4 (W.D. Mo. July 9, 2015) (Laughrey, J.), *aff'd,* 863 F.3d 1084 (8th Cir. 2017); *Lipp v. Ginger C, L.L.C.*, 229 F. Supp. 3d 1018, 1021 (W.D. Mo. 2017) (Laughrey, J.).

[4] *See also Gilmor v. Pref. Cred. Corp.*, No. 10-0189-CV-W-ODS, 2011 WL 111238, at *5 (W.D. Mo. Jan. 13, 2011) (declining to consider new argument raised in reply suggestions because it "was not raised … in the initial briefing"); *Sowers v. Gatehouse Media MO Holdings, Inc.*, No. 4:08-CV-633 TIA, 2010 WL 1633389, at *15 (E.D. Mo. Apr. 22, 2010) (striking, among other things, "any other materials deemed 'new' contained in Plaintiff's Sur-Reply").

Mot. at 14, 20, 21 (citing *Aveda Corp. v. Evita Mktg.*, Inc., 706 F. Supp. 1419, 1426 (D. Minn. 1989); *Heaven Hill Dist. v. Log Still Dist.*, 2021 U.S. Dist. LEXIS 240373, at *75–76 (W.D. Ky. Dec. 16, 2021)). If H&R Block wanted consumer survey evidence to support its case-in-chief, it should have included such it with its motion. It made the strategic decision not to do so, and must live with the consequences. To that end, courts have stricken expert testimony that strayed from rebutting the other party's expert testimony. *See In re Air Crash Near Kirksville, MO*, No. 405-MD-1702-JCH, 2007 WL 2363505, at *4 (E.D. Mo. Aug. 16, 2007) (striking rebuttal report because it "contains primary evidence, suited for Plaintiffs' case-in-chief).

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to strike.[5]

January 24, 2022                               Respectfully submitted,

                                               By:   */s/ David Jermann*
                                                     David Jermann

| | |
|---|---|
| Margret Caruso (*pro hac vice*) | David A. Jermann, II (MO Bar #51389) |
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **ARMSTRONG TEASDALE LLP** |
| 555 Twin Dolphin Dr., 5th Floor | 2435 Grand Blvd., Suite 1500 |
| Redwood Shores, California 94065 | Kansas City, Missouri 64108 |
| margretcaruso@quinnemanuel.com | djermann@atllp.com |
| | |
| Robert M. Schwartz (*pro hac vice*) | Rachel Herrick Kassabian (*pro hac vice*) |
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| 865 S. Figueroa Street, 10th Floor | 555 Twin Dolphin Dr., 5th Floor |
| Los Angeles, California 90017 | Redwood Shores, California 94065 |
| robertschwartz@quinnemanuel.com | rachelkassabian@quinnemanuel.com |

---

[5] The Court has the discretion to strike H&R Block's egregious "rebuttal" filing *sua sponte*. But if the Court wishes to receive H&R Block's opposition to this Motion to Strike, because the preliminary injunction hearing is only a few days away, H&R Block should be ordered to submit any such Opposition by 7 p.m. CST today, limited to five pages or less.