| | |
|---|---|
| H&R BLOCK, INC. and HRB INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., <br><br> Defendant. | Case No. 4:21-cv-00913-NKL |

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties having stipulated and good cause having been shown, the Court hereby **ORDERS** that the following procedures are to be employed in the above-captioned action (the "Action") for the protection of the parties, and others from whom information may be obtained in connection with the Action, against disclosure or any improper use of confidential information produced in discovery or filed with this Court:

1. **Definition of "CONFIDENTIAL," "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" INFORMATION**

This Protective Order shall be applicable to any portions of any testimony, documents, records, or tangible things—and any copies, abstracts, excerpts, or analyses thereof—given, used, served, or produced by any party or non-party in connection with this Action, including without limitation in response to formal discovery demands or subpoenas that have been designated by any party ("Designating Party") as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY"

that the Designating Party believes, in good faith, to contain, reflect, regard, or disclose any trade secret, confidential, private, personal, or proprietary information.  The treatment of all such testimony, documents, records, or tangible things so designated (collectively referred to as "Confidential Material") shall be governed by the terms of this Protective Order.

2.     **Definition of "Confidential Material"**

"Confidential Material" shall encompass any information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this Action because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  This shall include, but not be limited to, confidential, private, proprietary or otherwise sensitive information, including trade secrets and personal identifiable information. The scope of this Protective Order shall encompass not only those items or things that are expressly designated as Confidential Material, but also any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3.     **Designation of Confidential Material**

(a)     Any party or non-party may designate as "CONFIDENTIAL" those Confidential Materials containing confidential, proprietary, trade secret or otherwise sensitive information as to which the Designating Party customarily takes steps to limit or prevent its disclosure or misuse.

(b)     Any party or non-party may designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" any non-public Confidential Material supplied, disclosed, produced, or used in connection with this Action when it has a good faith belief that the disclosure of such material

to any person, including to the adverse party, may have a competitively adverse effect on the Designating Party.

(c) Any party or non-party may designate as "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" any non-public Confidential Material supplied, disclosed, produced, or used in connection with this Action when it has a good faith belief that the material includes matters of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Designating Party holding the proprietary rights thereto and must be protected from disclosure.

(d) Documentary Confidential Materials may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" at the time such documents are produced or such information is disclosed, or no later than seven (7) days from which the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

(e) Deposition testimony may be designated in whole or in part as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" information by (i) oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "CONFIDENTIAL," "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" portions of the deposition transcript separately and to stamp the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" as appropriate, on each transcript page so designated; or (ii)

by written notice of such designation sent by counsel to all parties within fourteen (14) days after receipt by designating counsel of the transcript of the deposition. The parties shall treat all testimony as "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" hereunder until the expiration of fourteen (14) days after the deposition transcript becomes available to counsel. If any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access shall be limited pursuant to the other terms of this Protective Order.

**4.    Use Limitations**

All "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this Action (including the instant litigation and any appeals therefrom) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made available or communicated or summarized in any way to anyone except persons specified in Paragraph 8 below who have read and are bound by the terms of this Protective Order.

**5.    "Confidential" Information Produced by Non-Parties**

This Protective Order shall apply to the parties to this Action and also to any other person producing or disclosing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" information

4

in this Action who agrees or is ordered to be bound by this Protective Order. If, in the course of this Action, information is sought from a non-party which would require such non-party to disclose and/or produce "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" information, such non-parties may obtain the protections of this Protective Order by executing a copy of Exhibit A hereto.

**6.** **Inadvertent Failure to Designate**

Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven (7) days after discovery of the inadvertent failure.

**7.** **Subsequent Designations**

Documents, deposition transcripts, and other information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" pursuant to Paragraphs 2 and 3 above, after they have been produced without having been so designated in the following manner:

(a) Counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation, except for deposition transcripts designated within the time period stated in paragraph 3(d) and materials inadvertently not designated as Confidential Material within the time period stated in paragraph (6) ;

(b) The designation applies only as of the date and time of receipt of notice of each person notified, except for deposition transcripts designated within the time period designated in paragraph 3(d) and materials inadvertently not designated as Confidential Material within the time period stated in paragraph (6);

(c) Counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice described in Paragraph 7(a); and

(d) Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the new designation.

**8. Persons to Whom Confidential Material May Be Disclosed**

Confidential Material may be disclosed only as follows:

(a) Materials designated "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" may be disclosed only to the following persons:

    (i) Any attorney who serves as outside litigation counsel of record to any party to this Action, and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorney within the same firm;

    (ii) The parties' independent expert(s) or consultant(s), provided that any such person(s) or entity(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment from attached as Exhibit A. Confidential

Material shall be disclosed to an expert or consultant only to the extent necessary for the expert or consultant to perform his or her work in connection with this Action. No employee or regularly paid consultant of any party may serve as a consultant as defined by this section.

(iii) Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the testimony, approved the disclosure of such materials to that person, except that such person may not retain any such materials;

(iv) The Court and Court personnel in this Action, including Court Reporters,

(v) Any mediator appointed by the Court or jointly selected by the Parties; and

(vi) Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Action, any jury or trial consulting services, or any vendor providing document management or other litigation support services, provided that any such person(s) or entity(ies) agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A. A vendor that solely provides document management, document review, document production, copying or duplication services for a party shall not be required to execute Exhibit A, but shall otherwise

7

be bound to maintain the confidentiality of any Confidential Materials that are provided by the party.

(b) Materials designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be revealed to the persons designated in subparagraph 8(a), above, as well as to the following persons:

(i) Any in-house attorney representing one or more of the parties to this Action.

(c) Materials designated "CONFIDENTIAL" may be revealed to the persons designated in subparagraphs 8(a) and 8(b), above, as well as to the following persons:

(i) Any named party to this Action, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of this Action; and

(ii) Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

9. <u>Limited Exceptions</u>:

(a) **Witnesses.** If a document designated as "Confidential" refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

(b) **Certain Information Not Subject to Scope of Order.** Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY," obtained lawfully by such party independently of any proceedings in this Action, or which: (a) was, is, or becomes

8

public knowledge, not in violation of this Protective Order, or (b) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of "Confidential" Information.

(c) **Use of Confidential Documents or Information at Trial, Hearing or Deposition.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present any level of Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. In a deposition, if the parties are unable to agree on whether a deponent may be shown information designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY", the parties agree to contact the Court to seek resolution of the dispute. If the Court is not available to address the dispute, the parties agree that the deposition will proceed and the deponent will not be shown the disputed information.

**10.** **Court Filings and Proceedings Involving "Confidential" Information**

Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY," where filed with the pleadings or as evidence, shall not be filed without first obtaining leave of Court to do so under seal. Nothing in this Order shall permit any party to file any material under seal absent a Court Order.

**11.     Resolution of Disputes**

Whenever a party objects to the classification of a document or transcript as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY," as defined in Paragraphs 2 and 3 herein, it shall, in writing, so inform the Designating Party. Once informed of an allegedly improper designation, the Designating Party has seven (7) days to respond in writing and provide its bases for the asserted designation. The parties must thereafter conduct a good faith conference to discuss the continued validity of the asserted designation within seven (7) days after the bases for the continued, asserted designations are served. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within seven (7) days after conferring with the Designating Party or, if the required conference between the parties does not take place, within seven (7) days after the bases for the continued, asserted designations are served, with confidential portions thereof to be kept under seal,[1] requesting that specifically identified documents, information, and/or deposition testimony be afforded treatment under the provisions of this Protective Order. Upon such application, the party asserting confidentiality bears the burden to establish same. Until the Court enters an order changing the designation of the material which is to be the subject of the application, it shall be afforded the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" treatment described in Paragraph 8 herein.

---

[1] Before filing any material under seal, the filing party must first seek and obtain leave of Court. *See supra* Section 10.

10

Case 4:21-cv-00913-NKL   Document 67   Filed 01/25/22   Page 10 of 16

**12.     Disposition of Confidential Material Following Conclusion of this Action**

The provisions of this Protective Order shall, absent written permission of the original Designating Party, or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals therefrom.  Within sixty (60) days after termination of this Action and the expiration of time for all appeals, counsel for the receiving party shall return all originals of the Confidential Material, including without limitation all extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, to counsel for the designating Party, or shall, at the option of the receiving Party, destroy such Confidential Material, and certify in writing that said destruction has occurred to counsel for the Designating party.   The termination of proceedings in this Action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Protective Order.

(a)     Outside Counsel described in Paragraph 8(a) above shall be entitled to retain "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" pleadings, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" contained in such pleadings, correspondence, discovery requests and responses, transcripts and exhibits, or attorney work

11

product to any person or entity except pursuant to a written agreement with the producing party of the information or material or unless compelled to do so by law.

(b) All materials returned to the parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this paragraph.

13. **Non-parties**

(a) **Individuals**. In the event that the producing party redacts personal identifiers within documents, including but not limited to names, addresses, telephone numbers, social security numbers, dates of birth, driver's license numbers, personal identification numbers, and account numbers, then any party challenging any such redaction shall resolve the dispute in accord with the procedures set forth in Paragraph 11 above.

(b) **Business Entities**. In the event information in the possession or control of a party involves the confidentiality rights of a non-party corporation or other business entity, including if its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information, provided, however, that this Order does not require the party from whom disclosure is sought to violate any order to produce documents issued by this or any other court.

14. **Inadvertent Production of Privileged Documents**

12

If a party inadvertently produces a document that it later discovers to be a privileged or confidential document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within seven (7) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

**IT IS SO STIPULATED.**

Dated: January 13, 2022

        **BERKOWITZ OLIVER LLP**

        By: /s/ *Anthony J. Durone*
        Anthony J. Durone (MO Bar #43872)
        Stacey R. Gilman (MO Bar # 55690)
        Elizabeth R. Martin (MO Bar #64129)
        BERKOWITZ OLIVER, LLP
        2600 Grand Boulevard Suite 1200
        Kansas City, Missouri 64108
        (816) 561-7007
        adurone@berkowitzoliver.com
        sgilman@berkowitzoliver.com
        emartin@berkowitzoliver.com

        **DEBEVOISE & PLIMPTON LLP**
        David H. Bernstein (admitted *pro hac vice*)
        Jyotin Hamid (admitted *pro hac vice*)
        Jared I. Kagan (admitted *pro hac vice*)
        Marissa MacAneney (admitted *pro hac vice*)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022

(212) 909-6000
dhbernstein@debevoise.com
jhamid@debevoise.com
jikagan@debevoise.com
mpmacaneney@debevoise.com

*ATTORNEYS FOR PLAINTIFFS*

-and-

**ARMSTRONG TEASDALE LLP**

By: /s/ *David Jermann*
David Alois Jermann (MO Bar #51389)
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
djermann@atllp.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Margret M. Caruso (admitted *pro hac vice*)
Rachel H. Kassabian (admitted *pro hac vice*)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
margretcaruso@quinnemanuel.com
rachelkassabian@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Robert M. Schwartz (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
robertschwartz@quinnemanuel.com

*ATTORNEYS FOR DEFENDANT*

**IT IS SO ORDERED.**

DATED: January 25, 2022
        Jefferson City, MO        /s/ Nanette K. Laughrey

                                            Honorable Nanette Kay Laughrey
                                            United States District Judge

15

Case 4:21-cv-00913-NKL   Document 67   Filed 01/25/22   Page 15 of 16

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she received a copy of the Stipulated Protective Order entered in the action entitled *H&R Block, Inc. and HRB Innovations, Inc. v. Block, Inc.*, **No. 4:21-cv-00913-NKL**, pending in the United States District Court for the Western District of Missouri, has read same and agrees to (1) be bound by all of the provisions thereof, and (2) submits to the jurisdiction of the United States District Court for the Western District of Missouri for matters relating to this Action.

Date:_____

_____
[Name of individual to whom disclosures will be made]