# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H&R BLOCK, INC. and HRB INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., <br><br> Defendant. | Case No. 4:21-cv-00913-NKL |

**DEFENDANT BLOCK, INC.'S EMERGENCY MOTION AND SUPPORTING SUGGESTIONS FOR INTERIM STAY IN SUPPORT OF MEDIATION**

**INTRODUCTION**

Defendant Block, Inc. ("Defendant") respectfully moves, pursuant to Federal Rule of Civil Procedure 62(c), Federal Rule of Civil Procedure 59(e), and the Court's inherent authority, for a 30-day interim stay of the Court's preliminary injunction order (Dkt. No. 105, the "Order"), so that the parties can focus on their upcoming court-ordered mediation in an effort to resolve the case. This brief interim stay would serve the interests of judicial economy and efficiency and provide for orderly management of this case, while not imposing any prejudice upon Plaintiffs.

Absent an immediate stay, to avoid irreparable injury Defendant will need to seek a stay pending appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8, thereby expending significant party and judicial resources even though such expenditure may become unnecessary depending on the outcome of the mediation. Such filings would also expend the Court's resources, including because the Court (and possibly the Eighth Circuit) would have to adjudicate a stay motion that may become unnecessary soon thereafter, depending on the outcome of the mediation. The inefficiency of this alternative path strongly supports granting a modest stay. And given the brevity of the requested stay and the fact that the tax season has ended, Plaintiffs would not be prejudiced by the stay. Granting this limited stay would be consistent with the edict of Rule 1 of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." A brief interim stay is thus warranted.

**I.  A BRIEF STAY IS WARRANTED TO ALLOW THE PARTIES TO FOCUS ON THE MAY 10 MEDIATION**

The Order, issued yesterday, granted in part Plaintiffs' motion for a preliminary injunction. Although the Court noted that it anticipates that Defendant will act "expeditiously" in complying

with the Order (Order at 62), it set no date by which Plaintiffs must post the $250,000 bond or Defendant must modify its business and practices to comply with the Order.

Approximately one month ago, the parties scheduled the Court-ordered mediation for May 10, 2022, before retired District Court Judge Layn R. Phillips. With guidance from Judge Phillips, the parties are devoting significant resources to the mediation, including at the senior level of their respective companies. Defendant anticipates that discussions may continue for several days or even weeks after May 10, as is typical of mediations addressing highly complex issues. If successful, the mediation would end the litigation and obviate the need for the Order, including the need for Defendant to modify its business and practices. Defendant submits a brief 30-day stay is warranted because it will allow the parties to meaningfully engage in the mediation process, which if successful, will preserve judicial and party resources.

The injunction would impose short-term burdens on Defendant, as the Court's Order acknowledges. (Order at 62) (noting that "limiting [Defendant's] public communications that link Defendant to Cash App and Cash App Taxes is somewhat burdensome"). Notwithstanding the Court's effort "to minimize the burden on Defendant" (*id.*), the near-term issues Defendant faces to comply with the Order are myriad and complex, and will require significant attention from the same personnel and attorneys who are preparing for the mediation and who will see the mediation process to its conclusion.

## II. A BRIEF STAY WOULD ALSO SERVE THE INTERESTS OF JUDICIAL ECONOMY AND EFFICIENCY

As the Court has recognized, absent a mediated resolution, Defendant will appeal the Order. Mar. 1 Hr'g Tr. at 44:19-25 ("Everybody wants to know how this matter is going to get resolved so that they can file in the Eighth Circuit, regardless of who wins, and have another look at it. So I'm fully aware of where we're headed here."). To ensure the relief sought by an appeal

2

is not mooted by the time it is decided, Defendant will need to file a motion for a stay pending resolution of the appeal under Federal Rule of Civil Procedure 62(d) and/or Federal Rule of Appellate Procedure 8(a)(1). It would be an inefficient use of this Court's (and potentially the Eighth Circuit's) time and resources to decide a motion for stay pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1) now, with a mediation scheduled within the next few weeks. The most efficient and economical course is for the Court to temporarily stay its Order pending that mediation. Should the case not settle following the May 10 mediation, Defendant will move for a full stay pending appeal. The instant motion for an interim stay is made without prejudice to Defendant's right to do so.

### III. A BRIEF STAY WOULD NOT PREJUDICE PLAINTIFFS

When this case was filed in December 2021, Plaintiffs sought immediate relief because, as they argued, "[w]e're on the brink of tax season." (Jan. 25 Hr'g Tr. at 19:2-6.) The tax filing deadline lapsed on April 18, and as the April 28 Order observed, "this year's tax season is largely over." (Order at 63.) In these circumstances, and with next year's tax season many months away, a brief stay of the Order will not unduly prejudice Plaintiffs, especially to the extent it allows the parties to focus on resolving their dispute through mediation.

### CONCLUSION

Defendant respectfully requests that the Court grant a 30-day interim stay of its Preliminary Injunction Order, until May 31, 2022. Defendant also respectfully requests that the Court review this motion on an expedited basis.

Dated: April 29, 2022                                    Respectfully submitted,

                                                         By:    */s/ David Jermann*
                                                                David Jermann

Margret Caruso (*pro hac vice*)                          David A. Jermann, II (MO Bar #51389)
**QUINN EMANUEL URQUHART &**                             **ARMSTRONG TEASDALE LLP**
**SULLIVAN LLP**                                         2435 Grand Blvd., Suite 1500
555 Twin Dolphin Dr., 5th Floor                          Kansas City, Missouri 64108
Redwood Shores, California 94065                         djermann@atllp.com
margretcaruso@quinnemanuel.com

Robert M. Schwartz (*pro hac vice*)                      Rachel Herrick Kassabian (*pro hac vice*)
**QUINN EMANUEL URQUHART &**                             **QUINN EMANUEL URQUHART &**
**SULLIVAN LLP**                                         **SULLIVAN LLP**
865 S. Figueroa Street, 10th Floor                       555 Twin Dolphin Dr., 5th Floor
Los Angeles, California 90017                            Redwood Shores, California 94065
robertschwartz@quinnemanuel.com                          rachelkassabian@quinnemanuel.com