UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK, INC. AND HRB INNOVATIONS, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BLOCK, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-0913-NKL |

## ORDER

Before the Court is Defendant Block, Inc.'s Emergency Motion for an Interim Stay. *See* Doc. 108 (Defendant's Motion). Defendant moves, pursuant to Federal Rules of Civil Procedure 62(c) and 59(e), and the Court's inherent authority, for a 30-day stay of the Court's Order granting Plaintiff H&R Block's Motion for Preliminary Injunction in Part so that "the parties can focus on their upcoming court-ordered mediation." *See* Doc. 105 (Order). H&R Block opposes Defendant's Motion, arguing that Block, Inc. failed to address, let alone meet, the standard for a stay. The Court DENIES Block, Inc.'s Motion.

**I. LEGAL STANDARD**

Preliminary injunctions are not automatically stayed, and a party seeking a stay bears a heavy burden to prove that one should issue. *Pavek v. Simon*, No. 19-CV-3000, 2020 WL 4013984, at *2 (D. Minn. July 16, 2020); *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)); *see also* 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2904 (3d ed. April 2017 Update) ("[B]ecause the burden of meeting the standard is a heavy one, more commonly stay requests will be found not to meet this standard and will be denied." (footnotes omitted)). This is true "even if

irreparable injury might otherwise result to the appellant." *Scripps-Howard Radio, Inc. v. F.C.C.*, 316 U.S. 4, 10–11 (1942) (citations omitted). At bottom, an application under Rule 62(c) rests within the district court's discretion, and it is the movant's responsibility to convince the court that a stay is justified. *Nken*, 556 U.S. at 433–34.

## II. DISCUSSION

Typically, stays under Rule 62(c) are analyzed using a four-factor test—the same four-factor test used to determine whether a preliminary injunction should issue. *Id.*; *see also Dataphase Systems, Inc. v. CL Systems, Inc*., 640 F.2d 109, 113 (8th Cir. 1981). A movant must show: (1) they are likely to succeed on the merits, (2) they will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. *Ark. Peace Ctr. v. Ark. Dep't of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993) (citations omitted). As H&R Block points out, the Court recently made nearly identical findings *against* Block, Inc. on each of these factors when granting the Preliminary Injunction. Furthermore, Block, Inc. did not address these factors in its motion. However, in its Reply Brief, Block, Inc. argues that it did not have to, because it is not seeking a stay pending appeal pursuant to Rule 62(d). *See* Doc. 111. Doing so, Block, Inc. argues, would have diverted significant resources from the Parties' upcoming mediation. Instead, Block, Inc. asks the Court to "balance the competing demands of the parties' and the Court's resources, and issue a brief, interim stay under Rule 62(c)." *Id.* at 1. Block, Inc. has not convinced the Court that such a stay is justified.

Block, Inc. makes two arguments to suggest that it is. First, Block, Inc. claims that, without a stay, it will be forced to "draw[] Plaintiffs and the Court into the process of an Eighth Circuit appeal and a motion to stay the case pending that appeal, and possible pre-appeal motions to

2

address the substance of the Court's April 28 Order." *Id.* Block, Inc. notes this process would be burdensome for the Court, the parties, and, potentially, the Eighth Circuit. Even so, as the parties recognize, that is where this case is headed. Block, Inc. simply suggests that doing so now would frustrate its efforts to prepare for the upcoming mediation and the "follow on work" that it is likely to produce. *Id.* The Court of course encourages the Parties to participate in mediation in good faith and to settle this case if possible. However, the parties have not yet settled the case, nor have they indicated that settlement is imminent. As such, the Preliminary Injunction is still necessary to maintain the status quo and stave off confusion between H&R Block and Block, Inc. What's more, the Court agrees with H&R Block that granting a stay is likely to hinder, not facilitate, settlement negotiations. *See generally* Doc. 110, at 5 (H&R Block's Opp'n to Mot. Stay). To date, the parties have not settled, or come close to settling. There is no indication that the parties *will* settle. The mediation date is not new, and even if the parties did not know the final scope of any injunction the Court would enter, they knew that they would be mediating the merits of the case. While complying with the Court's recently entered Preliminary Injunction does generate work for Block, Inc., it should do little to alter Block, Inc.'s tasks with respect to the mediation. It simply means that Block, Inc. will have to navigate multiple work streams at the same time. The Court cannot see how this would irreparably harm a successful company represented by two preeminent national law firms. The upcoming mediation date thus does not justify a 30-day stay.

Second, Block, Inc. argues that H&R Block has failed to identify any harm that would result from a stay. Again, as it did in opposing the Motion for a Preliminary Injunction, Block, Inc. argues that H&R Block has offered only "conclusory statements" to support the harm it would suffer from customer confusion and points to the lack of evidence of actual confusion. As the Court explained in detail, H&R Block has shown a threat of irreparable harm and that the threat

3

outweighs the burden on Block, Inc. *See* Doc. 105 (Order Granting Preliminary Injunction in Part), at 55–63. Block, Inc.'s argument not only appears to be an attempt to re-litigate an issue that the Court has already preliminarily resolved, but it also misconstrues the parties' respective burdens: it is Block, Inc. that bears the burden of establishing that a stay is justified. It has not met this burden.[1]

Accordingly, Block, Inc.'s Emergency Motion to Stay, Doc. 108, is DENIED.

                                                     s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: May 4, 2022
Jefferson City, Missouri

---

[1] In addition to Rule 62, Block, Inc. moves for a stay pursuant to Rule 59(e), which permits a court to alter or amend a judgment. As applied to preliminary injunction orders, Rule 59(e) can only "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *ISG Tech., Inc. v. Secure Data Techs., Inc.*, Case No. 20-cv-03345-SRB, 2021 WL 5546463, at *2 (W.D. Mo. Feb. 2, 2021) (quoting *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)); *see also U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (recognizing same). Block, Inc. does not identify any errors of law or fact in its briefing, let alone manifest ones, nor does it identify new evidence. Accordingly, Rule 59(e) cannot support its request for a stay.

Block, Inc. also moves for a stay pursuant to the Court's inherent authority. Block, Inc. does not cite any case to support this request. Regardless, as the Court explained above and in its Preliminary Injunction Order, the Court has found that the Preliminary Injunction is necessary to preserve the status quo in this case and to prevent H&R Block from suffering irreparable harm. While the Court recognizes that the Order will burden Block, Inc., that burden is no more than necessary and justified by the facts of this case. Nothing in the facts of the case or the Parties' submissions currently before the Court suggests that the Court should exercise its discretion to stay the injunctive relief to which H&R Block has already shown it is entitled.