UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H&R BLOCK, INC. and HRB INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., <br><br> Defendant. | Case No. 4:21-cv-00913-NKL |

**DEFENDANT BLOCK, INC.'S SUGGESTIONS
IN SUPPORT OF ITS MOTION FOR AN ADMINISTRATIVE STAY**

# INTRODUCTION

Defendant Block, Inc. ("Defendant") respectfully moves, pursuant to Federal Rule of Civil Procedure 62 and this Court's inherent authority, for an interim administrative stay of the Court's April 28 preliminary injunction order (Dkt. 105) (the "Order"). Defendant seeks this relief only until such time as: (1) this Court resolves Defendant's contemporaneously filed motion (Dkt. 113) for a stay pending appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1), and (2) the Eighth Circuit resolves any renewed motion Defendant may make pursuant to Federal Rule of Appellate Procedure 8(a)(2).

A grant of this brief interim administrative stay is necessary to preserve the status quo while this Court (and if necessary, the Eighth Circuit) considers "the merits of the motion for a stay pending appeal." *Brady v. Nat'l Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011) (granting interim administrative stay pending decision on separate motion to stay pending appeal). Absent an interim stay, the Order likely will impose substantial hardships on Defendant, including, if the Order is read expansively, costs and other burdens associated with changing how Defendant publicly communicates about its business, the expense and difficulty of possible changes to Cash App and Cash App Taxes, and the infringement of Defendant's First Amendment rights. An interim administrative stay will impose little, if any, incremental harm to Plaintiffs, especially now that the April 18 tax filing deadline that Plaintiffs emphasized in their motion has come and gone.

# AN ADMINISTRATIVE STAY IS WARRANTED

Although the Court denied (Dkt. No. 112) Defendant's request for a 30-day stay pending the parties' scheduled mediation discussions, the Court has not yet considered whether a brief administrative stay is warranted pending the Court's (and if necessary, the Eighth Circuit's) resolution of Defendant's motion (and possible renewed motion) for a stay pending appeal

pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a). The Court reserved that question in its order. Dkt. No. 112 at 1 (noting that the stay pending appeal issue was "not address[ed]"). Now that Defendant has filed its motion for a stay pending appeal (Dkt. 113), an interim administrative stay preserving the status quo is warranted.

Interim administrative stays such as the one Defendant seeks here are common and serve the interests of fairness. They give defendants the opportunity to argue for a stay pending appeal before incurring the costs of complying with an injunction. *See, e.g.*, *Brady*, 638 F.2d at 1005; *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (district court granted "a temporary administrative stay to allow both the district court and the Eighth Circuit to rule on a request for stay pending appeal"); *In re Grand Jury Proceedings*, 841 F.2d 230, 232 (8th Cir. 1988) (similar). The Court has already acknowledged that this case is heading for the Eighth Circuit. Dkt. 99 (Mar. 1, 2022 Tr.) at 44:22–25.

As set forth in Defendant's suggestions in support of its motion for a stay pending appeal (Dkt. No. 113-1), Defendant could experience substantial and significant hardships from the Order, particularly if read expansively to require costly changes to its Cash App business and restrictions on how Defendant, a public company, can communicate about its business with customers, investors, prospective employees, and the media. Moreover, these hardships will be immediate in light of the Court's order denying Defendant's motion for a stay pending mediation. *See* Dkt. No. 112 at 4. These hardships were unforeseen because the scope of the Order differs materially from the requests Plaintiffs made as its motion proceeded. *Compare* Dkt. No. 16 (PI Motion) at 2-3, *with* Dkt. 93 (Feb. 10, 2022 Tr.) at 234:22–235, *and* Jermann Decl. to Def.'s Stay Motion Ex. 3 at 48 (Pls.' Feb. 25, 2022 Proposed Order). Absent a stay pending appeal, Defendant may have to act quickly. Although Defendant is working in good

2

faith to comply with the Order expeditiously as it understands it, a brief administrative stay will ensure these efforts can be implemented thoughtfully and responsively while also allowing the Court (and if necessary, the Eighth Circuit) to first consider Defendant's motion (and possible renewed motion) for a stay pending appeal.

## CONCLUSION

Defendant respectfully requests that the Court grant an administrative stay of the Order pending the Court's ruling on Defendant's motion for a stay pending appeal and any renewed stay motion filed in the Eighth Circuit. Defendant also respectfully requests that the Court consider this motion on an expedited basis.

Dated: May 6, 2022

Respectfully submitted,

By:     */s/ David Jermann*
           David Jermann

Margret Caruso (*pro hac vice*)
Rachel Herrick Kassabian (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
margretcaruso@quinnemanuel.com
rachelkassabian@quinnemanuel.com

Robert M. Schwartz (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
robertschwartz@quinnemanuel.com

David A. Jermann, II (MO Bar #51389)
**ARMSTRONG TEASDALE LLP**
2435 Grand Blvd., Suite 1500
Kansas City, Missouri 64108
djermann@atllp.com