| | |
|---|---|
| H&R BLOCK, INC. AND HRB INNOVATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK, INC., <br><br> Defendant. | Case No. 21-cv-0913-NKL |

## ORDER

Defendant's [113] Motion to Stay Pending Appeal is DENIED for the reasons explained in the Court's [105] Preliminary Injunction Order. As explained there, the *Dataphase* factors— the same factors this Court must weigh when evaluating the propriety of a stay pending appeal— weigh in H&R Block's favor. The Preliminary Injunction was drafted narrowly, and the Court gave Block, Inc. an opportunity to determine the least burdensome way to proceed. Indeed, nothing in the Court's Preliminary Injunction requires Block, Inc. to continue operating Cash App Taxes at all. As Block, Inc. repeatedly points out, tax season is, for the most part, over. Thus, Block, Inc. has the option to save the data of its existing customers and temporarily suspending its Cash App Taxes feature during the pendency of its appeal. Block, Inc. has recently demonstrated that it can preserve the data of a defunct application when it terminated Credit Karma Tax. And apparently, it is Block, Inc.'s belief that its appeal should be resolved by the Eighth Circuit before tax season returns. Furthermore, Block Inc. also has the option of returning to its original name, Square, Inc., if it finds that is the least burdensome way to comply

with the Court's Order.  In short, the Court has not ordered Block, Inc. to spend millions of dollars, it has ordered Block, Inc. to stop violating H&R Block's trademark rights.

The Court's conclusion is true even if the Court were to consider the new declarations from Mr. Jennings and Ms. Esperanza, filed for the first time with Block, Inc.'s Reply in Support of its Motion to Stay.  While Mr. Jennings explained the steps necessary to extract Cash App Taxes, the Court finds these steps are justified after balancing all the factors in this case. Furthermore, a suspension of customer access to Cash App Taxes is unlikely to be as burdensome as a complete extraction.  And while Ms. Esperanza suggests several reasons why forming a corporate intermediary to hold Cash App is prohibitive, the Court rejects her testimony for two reasons.  First, Ms. Esperanza focuses on harm stemming from restructuring the full Cash App program itself, not just Cash App Taxes.  It is unclear to the Court whether—and how—the same requirements would be necessary for a standalone Cash App Taxes entity, which could be used to comply with the Preliminary Injunction.  Second, while Ms. Esperanza testified that corporate restructuring is not a feasible alternative, absent credible, objective evidence to support her testimony, the Court does not find it persuasive.

Fundamentally, while the Court does not doubt that complying with its injunction will lead to some burden, and maybe even some irreparable harm, it is not enough to justify a Rule 62 Stay. *Nken v. Holder*, 556 U.S. 418, 427 (2009).

Nevertheless, the Court will GRANT Defendant's [115] Motion for an Administrative Stay in part, and stay Section IV(1) of the Preliminary Injunction until the Eighth Circuit resolves Block, Inc.'s renewed Motion for a Stay Pending Appeal.  Block, Inc. argues that it will face severe burden if it is forced to comply with the structural requirements of Section IV(1) of the Preliminary Injunction.  While the Court does not believe these burdens to be enough to

2

justify a stay under Rule 62, administrative stays have been used in the Eighth Circuit and beyond to afford the appellate court time to resolve the merits of a renewed stay application. *See, e.g., Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (district court granted 'a temporary administrative stay to allow both the district court and the Eighth Circuit to rule on a request for stay pending appeal'); *In re Abbott*, 800 F. App'x 296, 298 (5th Cir. 2020) ("Entering temporary administrative stays so that a panel may consider expedited briefing in emergency cases is a routine practice in our court."); *Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) (granting motion for a "temporary stay to preserve the status quo pending a decision on the motion for stay pending appeal"); *Cobell v. Norton*, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004) (granting administrative stay to "give the court sufficient opportunity to consider the merits of the motion for a stay pending appeal."). The Court therefore, temporarily stays Section IV(1) administratively until the Eighth Circuit can resolve Block, Inc.'s renewed motion to stay. If such a motion is not filed by Block, Inc. within fourteen days of this Order, however, the stay will be dissolved.

Even so, Section IV(2) of the Preliminary Injunction, which enjoins Block, Inc. from communicating its connection to Cash App Taxes in certain ways, remains in effect unless and until it is stayed by the Eighth Circuit. Block, Inc.'s motion focuses on the harms caused by forming a new corporate entity and/or removing Cash App Taxes from the larger Cash App interface to comply with Section IV(1). While Block, Inc. cites irreparable harm to its First Amendment rights and burdens on its ability to run its business, the Court does not find either to be enough for any stay.

                       s/ Nanette K. Laughrey
                     NANETTE K. LAUGHREY
                     United States District Judge

Dated:  May 20, 2022
Jefferson City, Missouri